# Exhibit A

TEMPLATE 01f

**SYNCHRONY BANK**
**PRICING INFORMATION ADDENDUM**
**FOR YOUR GAP, INC. CREDIT CARD ACCOUNT ENDING IN 5176**

| Interest Rates and Interest Charges | |
|---|---|
| **Annual Percentage Rate (APR) for Purchases** | The APR for purchases is **21.90%**.<br><br>The daily rate for purchases is 0.06000%. |
| **How to Avoid Paying Interest** | Your due date is at least 23 days after the close of each billing period. We will not charge you any interest on purchases if you pay your entire balance by the due date each month. |
| **Minimum Interest Charge** | If you are charged interest, the Finance Charge will be no less than $1.00. |

| Fees | |
|---|---|
| **Penalty Fees**<br>• Late Payment | Effective 8/22/2010, the amount of the Late Payment Fee will be the lesser of (i) the amount as calculated below, (ii) (a) $25 if you have paid at least your total minimum payment due by the due date in each of the prior six billing cycles or (b) $35 if you have failed to pay at least the total minimum payment due by the due date in any one or more of the prior six billing cycles; or (iii) the amount of the total minimum payment that was due.<br><br>**$15** if your balance is $15 to $29.99<br>**$25** if your balance is $30 to $99.99<br>**$29** if your balance is $100 to $249.99<br><br>**$39** if your balance is $250 or more<br><br>The amount of the Late Payment Fee, as determined from the list of tiers above, will be based on your entire new account balance on the date the Late Payment Fee is posted to your account. |

**How We Will Calculate Your Balance:** We use a method called "daily balance".

RT-02

GAP, INC.
[RT1895J-G3]
PLCC 2002 Gen Rev 03/12

## SYNCHRONY BANK
## RETAIL INSTALMENT CREDIT AGREEMENT
### Nonnegotiable Consumer Note

**1. GENERAL.** This Agreement ("Agreement") governs the use of your Gap Credit Card account (your "Account"). Please read and keep this Agreement for your records. In this Agreement and in your billing statement ("Statement"), "we", "us", and "our" refer to Synchrony Bank, 170 West Election Road, Suite 125, Draper, UT 84020. "You" and "your" refer to all persons who are approved by us to use the Account. "Card" refers to your Gap Credit Card. The effective date ("Effective Date") of this Agreement will be the earlier of (i) the date you submit an Account application that is approved by us, or (ii) the first date that you or someone authorized by you uses the Account [in NY, the first date that you or someone authorized by you signs a sales slip or memorandum indicating a Purchase (as defined herein) on the Account]. You may use your Card to make Purchases on credit from time to time under your Account, up to any credit limit we may establish for your Account (your "Credit Limit"). We reserve the right to decline to authorize any Purchase or to change your Credit Limit at any time. You agree to use your Account only for personal, family or household purposes.

**2. PROMISE TO PAY.** When you submit your Application for this Account, you agree to be bound by this Agreement. You promise to pay us for all credit that we extend on your Account for purchases (including mail, Internet, catalog and phone orders, if any) of goods or services ("Purchase(s)") and all other amounts owed to us under the terms of this Agreement. If your Account is a joint Account, (i) each of you is bound by this Agreement; (ii) each of you may use the Account, up to any Credit Limit; and (iii), each of you jointly and individually promises to pay us, and may be held liable for, all amounts owed to us on your Account.

**3. FINANCE CHARGES.** When your Account has a balance subject to Finance Charge (as described in paragraph 4 below), we will assess a Finance Charge calculated by applying a daily (monthly in PR) periodic rate ("periodic rate") to that balance. The daily rate for Purchases is the Periodic Rate. Finance Charges will be imposed in amounts or at rates not in excess of those permitted by applicable law. See the minimum interest charge row of the Pricing Information Addendum for the amount of your minimum Finance Charge.

The Annual Percentage Rate may sometimes be referred to as "APR". A minimum Finance Charge will be assessed for any billing period in which a Finance Charge is due, except in PR. No Minimum Finance charge will be assessed in PR. See the accompanying Pricing Information Addendum for the amount of your minimum Finance Charge.

**4. BALANCE SUBJECT TO FINANCE CHARGE.** There will be no balance subject to Finance Charge for a billing period if there is no Previous Balance on your Account for the billing period or the sum of your payments and credits on your Account during the billing period is at least equal to the Previous Balance.

In all jurisdictions except PR, each day during the billing period, we will figure a "Daily Balance" on your Account. The Daily Balance is determined by taking the beginning balance for that day, which includes any unpaid Finance Charges, adding any new Purchases and other debits assessed that day, and subtracting any payments made and credits issued on that day. This gives us the Daily Balance. Any Daily Balance less than zero will be treated as zero. We then multiply the Daily Balance by the applicable periodic rate and add that daily Finance Charge to the balance to determine that day's closing balance, which will be the beginning balance for the following day. At the end of the billing period, we add up the results of the daily Finance Charge calculations to get the total Finance Charge for the billing period. Late Payment Fees and credit insurance premiums, if any, are not included in the daily balance.

In PR, we figure the balance subject to Finance Charge using the "Average Daily Balance" calculation method. Each day we take the beginning balance of your Account, and subtract any payments, other credits applied to that balance that day, and any unpaid Finance Charges. We also add any new Purchases and other charges assessed that day. This gives us the daily balance. Then we add up all the daily balances in the billing period and divide the total by the number of days in the billing period. This gives us the Average Daily Balance. Any Average Daily Balance of less than zero will be treated as zero. Late Payment Fees and credit insurance premiums, if any, are not included in the daily balance.

**5. WHEN FINANCE CHARGES BEGIN TO ACCRUE.** If there is no Previous Balance for the billing period or the sum of your payments and credits for the billing period is at least equal to the Previous Balance, new Purchases and other charges in that billing period will begin to accrue a Finance Charge as of the first day of the next billing period if a Finance Charge is imposed in the next billing period. If there is a Previous Balance for the billing period, [including any balance of Purchases made under any Special Promotion,] and the sum of your payments and credits for the billing period is not at least equal to that Previous Balance, new Purchases and other charges will begin to accrue a Finance Charge from the later of the date of the transaction or the first day of the billing period in which the transaction is posted to your Account.

**6. PAYMENTS.** Unless otherwise provided for in a special promotion, when there is a New Balance shown on your Statement, you agree to pay at least the Minimum Payment called for on that Statement, in time for receipt by us by the Payment Due Date shown on the Statement. You may at any time pay, in whole or in part, the total unpaid balance without any additional charge for prepayment. See the accompanying Variable Terms Addendum for how your Total Minimum Payment is calculated.

All payments, except Disputed Payments (as defined below), must be mailed or delivered to us at the address shown on your Statement (the "Payment Address"). Any payments received after 5:00 p.m. (ET) on any day will be credited as of the next day. Credit to your Account may be delayed up to five days if payment is (a) not received at the Payment Address, (b) not made in U.S. dollars drawn on a U.S. financial institution located in the U.S., or (c) not accompanied by the top portion of your Statement. Delayed crediting may cause you to incur a Late Payment Fee or additional Finance Charges. You understand, however, that payments may not be made, and may not be deemed received by us, at any location other than the Payment Address.

Although we post your payments in the manner described above, in certain limited circumstances, your available Credit Limit may not be restored for up to seven days (or longer, in rare circumstances) after we receive your payment. All credits for payments to your Account are subject to final payment by the institution on which the item of payment was drawn.

Subject to any requirements of applicable law, we reserve the right to select the method by which payments and credits are allocated to your Account in our sole discretion. Depending on how you use your Account, such as when you make payments, the amount of your payments and the types of transactions you make, the particular payment allocation method that we use may result in higher amounts of Finance Charges on your Account. Any payment you make in excess of the required total Minimum Payment will be allocated to your Account as allowed by applicable law.

All written communications concerning disputed amounts, including any check or other payment instrument that (i) indicates that the payment constitutes "payment in full" or is tendered as full satisfaction of a disputed amount, or (ii) is tendered with other conditions or limitations ("Disputed Payments"), must be mailed or delivered to us at the address for billing inquiries shown on the Statement, not the Payment Address.

**7. FEES.** See the accompanying Pricing Information Addendum for the amount of the fee below.

A Late Payment Fee if we do not receive at least the Total Minimum Payment due on your Account as shown on your billing Statement by 5:00 p.m. (ET) on the due date.

**8. SPECIAL PROMOTIONS.** At times, we may offer you Special Promotions when you use your Account for certain transactions. These Special Promotions will have some terms that are different from the terms in this Agreement. The provisions of this Agreement apply to any Special Promotion, unless otherwise provided under the terms of the Special Promotion. Please see any Special Promotion advertising (including in-store signs) or other disclosures provided to you for the full terms of any Special Promotion offered.

**9. TERMINATION/CHANGE IN TERMS.** You may at any time terminate this Agreement. We may, at any time and subject to applicable law: (a) terminate this Agreement; (b) terminate your right to make future Purchases; (c) change your Credit Limit; or (d) change or delete any term or condition of, or add new terms to, this Agreement relating to your Account. We will apply any terms change to your Account as allowed by applicable law. We will send to you notice of any terms change as required by applicable law. Upon any termination of this Agreement you will continue to be obligated to pay all amounts owing under, and to otherwise perform the terms and conditions of, this Agreement.

**10. DEFAULT.** Subject to the limitations of applicable law, we may declare that you are in default under this Agreement if you (a) fail to make at least the total Minimum Payment when due; (b) violate any other term of this Agreement; or (c) become the subject of a bankruptcy or insolvency proceeding. After your default or your death, and subject to the limitations of applicable law, we have the right to: (i) reduce your Credit Limit; (ii) terminate your Account, in which case the terms of this Agreement will apply until full payment is received of the amount owing on your Account, including Finance Charges which we will continue to impose to the date of full payment; (iii) require immediate payment of your entire Account balance, including Special Promotion balances, all accrued but unpaid Finance Charges, and all fees and other charges listed in this Agreement; (iv) bring an action to collect all amounts owed; and (v) take any action allowed by law. If, after your default, we refer your Account for collection to an attorney who is not our salaried employee, we may, to the extent permitted by applicable law, charge and collect from you our collection costs, including court costs and reasonable attorneys' fees.

**11. LIABILITY FOR UNAUTHORIZED USE.** If you notice the loss or theft of your credit card or possible unauthorized use of your card, you should call us immediately at: 1-800-887-1198 for Gap Credit Card Accounts, 1-800-234-7455 for Banana Republic Credit Card Accounts and 1-877-222-6868 for Old Navy Credit Card Accounts. You will not be liable for any unauthorized use on your account. You agree that unauthorized use does not include use by a person to whom you have given your card or allowed use of your account. You will be responsible for all use by such a person.

**12. CREDIT REPORTS AND ACCOUNT INFORMATION.** You give us permission to request information and to make whatever inquiries we consider necessary and appropriate (including obtaining information from third parties and requesting consumer reports from consumer reporting agencies) for the purpose of considering your application for this Account and subsequently, in connection with any updates, renewals or extensions of credit or reviewing or collecting your Account. You also authorize us to report information concerning you or your Account, including information about your performance under this Agreement, to consumer reporting agencies and others who may properly receive such information. If you believe that we have reported inaccurate information about you to a consumer reporting agency, please contact us at P.O. Box 965005, Orlando, FL 32896-5005. In doing so, please identify the inaccurate information and tell us why you believe it is incorrect. If you have a copy of the credit report that includes the inaccurate information, please send a copy of that report to us as well. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer reporting agency if you fail to fulfill the terms of this Agreement.

**13. USE OF INFORMATION ABOUT YOU AND YOUR ACCOUNT.** You authorize and direct us to furnish information about you and your Account to Gap, Inc. (and its affiliates) for use in connection with the Gap Credit Card program, including to create and update their customer records for you, to assist them in better serving you, and to provide you with notices of special promotions, catalogs and tailored offerings. In addition, you agree to the use of information about you and your Account described in the Privacy Policy.

**14. TELEPHONE MONITORING.** We treat every customer call confidentially. To ensure that you receive accurate and courteous customer service, on occasion your call may be monitored by other employees and you agree to any such monitoring. A license to use service observing equipment has been obtained from the Georgia Public Service Commission.

**15. NO WAIVER BY US.** We reserve the right, at any time and in our sole discretion, not to impose part or all of any fee or other amount imposed pursuant to this Agreement or not to exercise any of our other rights under this Agreement and, should we do so, we will not waive our right to impose such fee or other amount or exercise the right as set forth in this Agreement in the future. Without limiting the foregoing, we may, at our option: (a) accept late or partial payments or checks or money orders marked "payment in full" or tendered with other conditions or limitations, (b) agree to extend the due date of any payment due under this Agreement for any length of time, (c) release any security interest we have in connection with this Agreement, and/or (d) release any other person responsible under this Agreement, without notifying you and without releasing you from your obligation to pay all amounts owing under this Agreement in full, or to otherwise perform the terms and conditions of this Agreement.

**16. CHANGE OF ADDRESS.** You agree to notify us promptly if you change your address. Until we are notified that your address has changed, we will continue to send Statements and other notices to the last address we maintained on your Account. You agree that when we are notified that you have a new address, the terms of this Agreement specifically applicable to the residents of your new state of residence will apply to the entire balance of your Account. If your Account is a joint Account, each of you appoints the other(s) as your agent to designate the address to which the Statement (and any other notices) may be sent to you by us.

**17. ARBITRATION PROVISION.** This Arbitration Provision sets forth the circumstances and procedures under which a Claim or Claims (as defined below) may be arbitrated instead of litigated in court. This Arbitration Provision supersedes and replaces any existing arbitration provision between you and us. This Arbitration Provision does not apply in PR.

As used in this Arbitration Provision, the term "Claim" or "Claims" means any claim, dispute or controversy between you and us arising from or relating to this Cardholder Agreement (the "Agreement"), any prior cardholder agreement that you may have had with us or the relationships resulting from the Agreement or any prior cardholder agreement, including the validity, enforceability or scope of this Arbitration Provision, the Agreement or any prior agreement. "Claim" or "Claims" includes claims of every kind and nature, between you and us, including but not limited to initial claims, counterclaims, cross-claims and third-party claims and claims based upon contract, tort, fraud and other intentional torts, constitutions, statute, regulation, common law and equity (including any claim for injunctive or declaratory relief). The term "Claim" or "Claims" is to be given the broadest possible meaning and includes, by way of example and without limitation, any claim, dispute or controversy between you and us that arises from or relates to (a) the credit card account ("Account") created by the Agreement or any prior agreement, or any balances on the Account, (b) liability under the Agreement for the goods or services (including insurance or extended service contracts, if any) charged to the Account, (c) advertisements, promotions or oral or written statements related to the Account or the terms of financing, (d) liability under the Agreement for goods or services financed under the Account, (e) your application for the Account and (f) the origination or servicing of the Account or any prior agreement and the collection of amounts owed by you to us.

This Arbitration Provision will not apply to Claims previously asserted, or which are later asserted, in lawsuits filed before the effective date of this Arbitration Provision or any prior arbitration provision between you and us, whichever is earlier. However, this Arbitration Provision will apply to all other Claims, even if the facts and circumstances giving rise to the Claims existed before the effective date of this Arbitration Provision.

Upon your or our delivery of a written notice to the other party, including a written notice after the commencement of a lawsuit or a notice contained in court filings in any such lawsuit, any Claim shall be resolved by arbitration pursuant to this Arbitration Provision and the applicable rules of either the American Arbitration Association ("AAA") or JAMS ("JAMS") in effect at the time the Claim is filed. You may select one of these organizations to serve as the arbitration administrator if you initiate an arbitration against us or if either you or we compel arbitration of a Claim which the other party has brought in court. In addition, if we intend to initiate an arbitration against you, we will notify you in writing and give you 20 days to select one of these organizations to serve as the arbitration administrator; if you fail to select an administrator within that 20-day period, we will select one. In all cases, the arbitrator(s) should be a lawyer with more than 10 years of experience or a retired judge. If for any reason the selected organization is unable or unwilling or ceases to serve as the arbitration administrator, you will have 20 days to select a different administrator from the above list; if you fail to select a different administrator within the 20-day period, we will select one. In all cases, with respect to Claims covered by this Arbitration Provision, a party who has asserted a Claim in a lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties.

We agree that we will not elect to arbitrate an individual Claim that you bring against us in small claims court or your state's equivalent court, if any; however, if that Claim is transferred or appealed to a different court, we reserve our right to elect arbitration.

IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PRE-ARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE APPLICABLE ARBITRATION RULES. FURTHER, YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. NOTE THAT OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION. THE FEES CHARGED BY THE ARBITRATION ADMINISTRATOR MAY BE GREATER THAN THE FEES CHARGED BY A COURT.

There shall be no authority for any Claims to be arbitrated on a class action basis. Furthermore, Claims brought by or against one cardholder (or joint cardholders) may not be joined or consolidated in the arbitration with Claims brought by or against any other cardholder. Any arbitration hearing that you attend shall take place in the federal judicial district of your residence. At your written request, we will pay all fees up to $2,500 charged by the arbitration administrator for Claim(s) asserted by you in the arbitration, after you have paid an amount equivalent to the fee, if any, for filing such Claim(s) in state or federal court (whichever is less) in the judicial district in which you reside. (If you have already paid a filing fee for asserting the Claim(s) in court, you will not be required to pay that amount again.) If you are required to pay any fees in excess of $2,500 to the arbitration administrator ("additional fees"), we will consider a request by you to pay all or part of the additional fees. To the extent that we do not approve your request, if the arbitrator issues an award in your favor, we will still reimburse you for additional fees paid or owed by you to the arbitration administrator as follows: (1) in the case of additional fees calculated on the basis of the dollar amount of your Claim or the value of the relief you sought, we will reimburse you in an amount equal to the fees you would have paid if the dollar amount of your Claim or the value of the relief you sought had been the amount or value of the award granted in your favor and (2) in the case of other additional fees that were not calculated on the basis of the dollar amount of your Claim or the value of the relief you sought, we will reimburse you for the amount of such additional fees. However, if applicable law requires us to reimburse you for any greater amount(s), the applicable law will control. If the arbitrator issues an award in our favor, you will not be required to reimburse us for any of the fees we have previously paid to the administrator or for which we are responsible. Each party shall bear the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law and/or this Agreement gives a party the right to recover any of those fees from the other party. Notwithstanding the foregoing, if the arbitrator determines that any Claim or defense (or the amount of any Claim) is frivolous or is wrongfully intended to oppress the other party, the arbitrator may impose on the party making the frivolous or oppressive Claim or defense, and/or on such party's counsel, any fees and expenses reasonably incurred by the other party as a result, to the extent such fees and expenses could properly be imposed on such party or counsel under Rule 11 of the Federal Rules of Civil Procedure and to the extent such imposition is consistent with applicable law.

This Arbitration Provision is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1 et seq. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law and, at the timely request of either party, shall provide a brief written explanation of the basis for the award. In conducting the arbitration proceeding, the arbitrator shall not apply the federal or any state rules of civil procedure or rules of evidence. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. The arbitrator's decision will be final and binding, except for any right of appeal provided by the FAA and except that, if the amount in controversy exceeds $100,000, any party can appeal the award to a three-arbitrator panel administered by the arbitration administrator which shall reconsider *de novo* any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. The costs of such an appeal will be borne by the appealing party regardless of the outcome of the appeal, provided that we will consider in good faith any request for us to bear all or any part of such fees if you are the appealing party.

As solely used in this Arbitration Provision, the terms "we" and "us" shall for all purposes mean Synchrony Bank, Gap Inc, and all of their respective parents, wholly or majority owned subsidiaries, affiliates, predecessors, successors, assigns, employees, officers and directors.

This Arbitration Provision shall survive termination of your Account as well as the repayment of all amounts borrowed from us. If any portion of this Arbitration Provision is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this Arbitration Provision or the Agreement. In the event of a conflict or inconsistency between the applicable arbitration rules and this Arbitration Provision, this Arbitration Provision shall govern.

### Contacting Arbitration Administrators

If you have a question about the arbitration administrators mentioned in this Arbitration Provision or would like to obtain a copy of their arbitration rules or fee schedules, you can contact them as follows: American Arbitration Association, 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org, 1-800-778-7879, Arbitration Rules for the Resolution of Consumer-Related Disputes (applicable to requests for arbitration filed by a consumer involving a claim under $10,000) or Commercial Arbitration Rules (for all other claims); or **JAMS**, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.com, 1-800-352-5267, Financial Services Arbitration Rules and Procedures.

**18. GOVERNING LAW.** This Agreement and your Account and any claim, dispute or controversy arising from or relating to this Agreement or your Account, whether based on contract, tort, fraud and other intentional torts, statute, common law and/or equity, are governed by and construed in accordance with the laws of the State of Georgia (without regard to internal principles of conflicts of law), and applicable federal law. The legality, enforceability and interpretation of this agreement and the amounts contracted for, charged and received under this Agreement will be governed by such laws. This Agreement is entered into between you and us in Georgia. We make decisions about granting credit to you from, extend credit to you under this agreement from, and accept your payments in, Georgia.

**19. ASSIGNMENT.** We may sell, assign or transfer all or any portion of your Account or any balances due under your Account without prior notice to you. You may not sell, assign or transfer your Account or any of your obligations under this Agreement.

**20. SEVERABILITY.** If any provision of this Agreement is determined to be void or unenforceable under applicable law, rule, or regulation, all other provisions of this Agreement shall still be valid and enforceable.

**21. ENTIRE AGREEMENT.** This Agreement, together with any application you signed or otherwise submitted in connection with the Account (which is hereby incorporated by reference in this Agreement), constitutes the entire agreement between you and us relating to your Account and supersedes any other prior or contemporaneous agreement between you and us relating to your Account. This Agreement may not be amended except in accordance with the provisions of this Agreement.

## SYNCHRONY BANK
## VARIABLE TERMS ADDENDUM
## FOR YOUR GAP CREDIT CARD ACCOUNT

**Total Minimum Payment.**

The Total Minimum Payment initially will be the greater of: $10 or 1/20th of the New Balance, rounded to the next highest dollar.

If, during any four month period immediately following a billing period in which a late fee is assessed, you pay at least the Total Minimum Payment each month but the total of your payments does not at least equal the sum of the finance charges billed on your Statement each month, plus 1% of your New Balance each month, plus the particular late fee that was assessed in the billing period before the four month period, your Total Minimum Payment will be changed for future months to the greatest of (i) $10 or (ii) 1/20th of your New Balance rounded to the next highest dollar or (iii) the sum of 1% of your New Balance plus finance charges and late fees billed on your Statement, rounded to the next highest dollar. In each case, (1) if your New Balance is less than $10, your Total Minimum Payment will be equal to the New Balance and (2) if your New Balance is greater than $10, your Total Minimum Payment also will include any past due amounts and any payment due in connection with a specific promotional purchase.

GAP PLCC
RT1895A VTA
RT1895A PLCC$10 OLD VTA