**TROUTMAN SANDERS LLP**
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6227

*Attorneys for Defendant*
*Portfolio Recovery Associates, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEBORAH MIGDAL,<br>*on behalf of herself and those similarly situated,*<br><br>            Plaintiff,<br><br>    -v-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br><br>            Defendant. | Civil Action No. 2:16-cv-04750 |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND <u>DISMISS THIS ACTION</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

PRELIMINARY STATEMENT ........................................................................- 1 -

FACTUAL BACKGROUND ............................................................................- 3 -

ARGUMENT .....................................................................................................- 6 -

    I.   The Court Should Grant PRA's Motion to Compel Arbitration and Dismiss this Action ...................................................................................................- 6 -

    II.   In the Alternative, the Court Should Allow Limited Discovery Into the Arbitration Issue .........................................................................................- 7 -

CONCLUSION ..................................................................................................- 9 -

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Ellin v. Credit One Bank*, Civ. Action No. 15-2694 (FLW), 2015 U.S. Dist. LEXIS 153533, at * 7–8 (D.N.J. Nov. 12, 2015) ........................................................................1, 6

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013) ....8

*Laudano v. Credit One Bank*, Civil No. 15-7668 (NLH/KMW), 2016 U.S. Dist. LEXIS 81028 (D.N.J. June 10, 2016) ...................................................................8

*Longhaul & Young v. Valken, Inc.*, Civil Action No. 16-4739, 2017 U.S. Dist. LEXIS 89639 (D.N.J. June 12, 2017) ...................................................................8

*Novak v. Cities Service Oil Co.*, 149 N.J. Super. 542 (Law. Div. 1997)....................1

*Palcsesz v. Midland Mut. Life Ins. Co.*, 87 F. Supp. 2d 409 (D.N.J. 2000) ..............2

*Rajput v. Credit One Financial*, No. 1:15-cv-00807, 2015 U.S. Dist. LEXIS 163786 (M.D. Pa. Dec. 7, 2015)..........................................................................8

*Sanford v. Bracewell & Guiliani, LLP*, 618 Fed. Appx. 114 (3d Cir. 2015) ...........8

**STATUTES**

15 U.S.C. § 1692 ........................................................................................................3

## **PRELIMINARY STATEMENT**

Five months after acknowledging arbitration was appropriate in this matter once Portfolio Recovery Associates, LLC ("PRA") provided an affidavit authenticating the Terms and Conditions of Plaintiff's account – and two months after PRA provided the very affidavit Plaintiff demanded – Plaintiff, seeking to avoid the arbitration to which she previously agreed, now argues at the eleventh hour that no contract in fact existed between the parties. *See* Plaintiff's Opposition ("Opp.") at 8–9 ("The Lack of Proof of Contract Formation"). Plaintiff's argument should be rejected out of hand, as she has conceded incurring a debt on her Banana Republic account, *see* Complaint at ¶ 15, a fact sufficient, standing alone, to prove acceptance of the terms of the credit agreement. *Ellin v. Credit One Bank*, Civ. Action No. 15-2694 (FLW), 2015 U.S. Dist. LEXIS 153533, at * 7–8 (D.N.J. Nov. 12, 2015) (citing *Novak v. Cities Service Oil Co.*, 149 N.J. Super. 542, 548 (Law. Div. 1997)).

But Plaintiff's belated challenge to her agreement is particularly troubling here because her Complaint – indeed, her entire claim against PRA – rests on the terms of the very agreement she now seeks to disavow. Stripped of its rhetoric, Plaintiff claims that PRA sent her a collection letter on a debt that was timely under New Jersey's six-year limitations period for credit card debt, but which was

time-barred under the four-year U.C.C. limitations period applicable to "sale of goods." Compl. at ¶ 33. But to establish the four-year period limitation she now seeks for her account, Plaintiff must rely repeatedly on allegations about the Terms and Conditions themselves. Compl. at ¶ 18–23.

Plaintiff cannot on the one hand rely on the Terms and Conditions of her account to fabricate a claim against PRA, while at the same time avoid arbitration by arguing no such Terms and Conditions exist. This is precisely the sort of judicial gamesmanship the equitable doctrine of judicial estoppel is intended to prevent. *See Palcsesz v. Midland Mut. Life Ins. Co.*, 87 F. Supp. 2d 409, 412 (D.N.J. 2000) ("Under both federal and New Jersey law, judicial estoppel is an equitable, discretionary doctrine which preserves the integrity of the judicial system 'by preventing parties from playing fast and loose with the courts in assuming inconsistent positions.'").

Rather, Plaintiff must choose. Either, as she argues in her Opposition, there is no contract between the parties, rendering her FDCPA claims defective as a matter of law, or, as she alleges in her Complaint, the Terms and Conditions apply to her account, in which case arbitration is required. Although PRA would welcome a dismissal of Plaintiff's Complaint, it nonetheless asks the Court to grant its Motion to Compel Arbitration pursuant to the terms of the parties' agreement. To the extent the Court deems further discovery warranted on the question of

arbitrability, PRA submits – and Plaintiff's counsel has conceded – that such discovery is best left to arbitration.[1]

### FACTUAL BACKGROUND

In her Complaint, Plaintiff alleges PRA violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by sending collection letters threatening legal action on a debt she claims was time-barred. Compl. at ¶ 55. Plaintiff admits she purchased items using her Banana Republic Credit Card, *id.* at ¶ 15, and her Complaint references numerous contractual restrictions on the use of her Banana Republic Account, including the following:

> 18. The BR Account is a retail store account which can only be used at Banana Republic, Gap, Old Navy stores or online at bananarepublic.com, gap.com, oldnavy.com, athleta.com (collectively "BR Brands" or "BR Branded Stores"); where retail goods, such as clothing, accessories, jewelry, cosmetics, etc. are sold to consumers.
>
> 19. The BR Account could only be used to purchase various retail merchandise items and goods from BR Branded Stores.
>
> 20. The BR Account cannot be used outside of BR Branded Stores.
>
> 21. The BR Account is not a Visa, MasterCard, American Express, or Discover Card.
>
> 22. The BR Account cannot be used to obtain cash advances.
>
> 23. The BR Account cannot be used to purchase services.

---

[1] In the event the Court deems discovery warranted in these proceedings, any such discovery should be limited to the Terms and Conditions on which Plaintiff relied to support her good-faith allegations in ¶¶ 18–23 of the Complaint.

*Id.* at ¶¶ 18–23. According to Plaintiff, these purported contractual restrictions – all of which rely on the Terms and Conditions of her underlying cardmember agreement – allegedly limit the statute of limitations on her account to four years for sale of goods rather than the usual six-year New Jersey statute of limitations for credit card debt. *Id.* at ¶¶ 18–23, 33.

In addition to the foregoing contractual restrictions, however, the Terms and Conditions of Plaintiff's account also included a straightforward Arbitration Provision, set out in all capital letters, and emphasizing in relevant part that:

> IF ARBITRATION IS CHOSEN BY ANY PARTY WITH RESPECT TO A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM, OR TO ENGAGE IN PREARBITRATION DISCOVERY EXCEPT AS PROVIDED FOR IN THE APPLICABLE ARBITRATION RULES. FURTHER YOU WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. EXCEPT AS SET FORTH BELOW, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. NOTE THAT OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.

[Doc. 42-1]. On January 23, 2017, by letter, PRA advised Plaintiff of its intent to seek arbitration in this matter pursuant to this provision. [Doc. 42]. Attached to the letter were the Terms and Conditions now at issue in this case. [Doc. 42-1].[2]

---

[2] Despite Plaintiff's assertion that the Agreement "did not exist until June 2, 2014" the Agreement clearly shows the date as 03/12.

On January 25, 2017, in the presence of Your Honor, the parties participated in a status conference for this matter. During the status conference PRA again produced the Terms and Conditions for counsel and the Court's review. Counsel for PRA drew opposing counsel's attention to the arbitration clause within the Terms and Conditions. After inspecting the Terms and Conditions, Plaintiff's counsel acknowledged the Terms and Conditions appeared correct and arbitration would be appropriate but asked that PRA produce, informally, an affidavit verifying the Terms and Condition's authenticity. On January 27, 2017, the Court entered a pretrial scheduling order memorializing the parties' understanding as to the production of the affidavit. [Doc. 43].

On April 11, 2017, PRA produced the affidavit, as agreed upon at the status conference, to Plaintiff. When Plaintiff refused consent to arbitration, PRA moved to compel arbitration on April 28, 2017, producing the requisite affidavit as an exhibit to its Motion. [Doc. 12-4].[3]

Plaintiff has known since the January status conference that PRA was securing the affidavit she requested. However, Plaintiff chose not to inform PRA of any objection to the Terms and Conditions even though the issues identified in her Opposition were present when she first viewed the Terms and Conditions in

---

[3] The Motion to Compel Arbitration was filed in the *Migdal v. Portfolio Recovery Associates, LLC*, No. 2:16-cv-04750 matter rather than the consolidated matter, *Filgueiras v. Portfolio Recovery Associates, LLC*, No. 2:15-cv-08144.

- 5 -

January. Plaintiff now attempts to manufacture a factual dispute to avoid arbitration five months after the fact, even going so far as to suggest that there is no contract in this matter at all, in direct conflict with the allegations in her complaint. This puts PRA in the precarious position of continuously trying to hit a moving target. Considering all of these facts, the Court should grant PRA's Motion, or in the alternative stay the Motion and allow the parties to conduct limited discovery into the existence of the Terms and Conditions on which Plaintiff relied in her Complaint.

## ARGUMENT

### I.     The Court Should Grant PRA's Motion to Compel Arbitration and Dismiss this Action

There is no doubt Plaintiff entered into an agreement with GE Money Bank/Synchrony. A cardholder's use of the credit card is enough to prove acceptance of the terms of the credit agreement. *Ellin*, 2015 U.S. Dist. LEXIS 153533, at * 7–8. In this case, Plaintiff admits she incurred a debt on her Banana Republic Account. Compl. at ¶ 15. Further, Plaintiff's allegations are entirely dependent on the existence of terms and conditions limiting the use of the credit card to Banana Republic stores. *Id*. at ¶¶ 18–23. Here, PRA identified the relevant terms and conditions and produced them to Plaintiff along with an arbitration demand.

At the Court's January status conference, the parties discussed the Terms and Conditions with Your Honor. Although Plaintiff's counsel admitted that discovery regarding arbitratibility should be reserved for the arbitrator, they asked that PRA produce an affidavit from the underlying creditor authenticating the Terms and Conditions.

Although PRA complied fully with Plaintiff's counsel's request, Plaintiff still refuses to consent to arbitration, despite the fact that PRA has provided the relevant terms and conditions (bearing Plaintiff's account number at the top of the document) and, pursuant to the agreement made with Your Honor, also provided an affidavit from the underlying creditor. Plaintiff's last-minute attempt to avoid arbitration by distancing herself from her own cardmember agreement should be rejected. As previously stated, Plaintiff built her Complaint around the Terms and Conditions of her account, and cannot now avoid the arbitration to which she has also agreed. For these reasons, then, PRA has met its burden and arbitration is appropriate. PRA respectfully requests that the Court compel arbitration and dismiss this matter.

## II. In the Alternative, the Court Should Allow Limited Discovery Into the Arbitration Issue

If the Court should determine the agreement PRA has provided does not sufficiently establish arbitrability, PRA requests this Court stay PRA's Motion and allow the parties to conduct limited discovery on the issue of the applicable Terms

and Conditions and the inclusion of an agreement between the parties to arbitrate claims. *See Sanford v. Bracewell & Guiliani, LLP*, 618 Fed. Appx. 114, 117 (3d Cir. 2015); *Laudano v. Credit One Bank*, Civil No. 15-7668 (NLH/KMW), 2016 U.S. Dist. LEXIS 81028, at *13–14 (D.N.J. June 10, 2016) (citing *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)); *see also Longhaul & Young v. Valken, Inc.*, Civil Action No. 16-4739, 2017 U.S. Dist. LEXIS 89639, at *4 (D.N.J. June 12, 2017); *Rajput v. Credit One Financial*, No. 1:15-cv-00807, 2015 U.S. Dist. LEXIS 163786, at *5–8 (M.D. Pa. Dec. 7, 2015). If the issue of arbitrability is not apparent from the complaint and its attachments or if the non-movant has put forth enough evidence to put the question at issue, "the parties must be given the opportunity to conduct discovery on the limited issue of the validity of the arbitration agreement." *Laudano*, 2016 U.S. Dist. LEXIS 81028, at *13–14.

As previously stated, there is no doubt Plaintiff entered into an agreement with GE Money Bank. A cardholder's use of the credit card is enough to prove acceptance of the terms of the credit card agreement. *See Ellin,* supra. Here, Plaintiff Migdal admits she incurred a debt on her Banana Republic account and that her last payment on the account was in September of 2009. [Doc. 1 at ¶¶ 15, 24]. However, assuming *arguendo* that arbitrability is not apparent on the face of the Complaint and in consideration of Plaintiff's objections to the Terms and

Conditions PRA has provided, the Court should allow the parties to conduct limited discovery on the issue of the existence of an arbitration clause.

## CONCLUSION

For the foregoing reasons, PRA asks this Court to grant its Motion to Compel Arbitration and dismiss this matter or in the alternative stay its Motion to Compel and grant the parties limited discovery on the issue of the existence of an arbitration agreement.

Dated: July 10, 2017  
New York, New York

*/s/ Amanda L. Genovese*  
Amanda L. Genovese

**TROUTMAN SANDERS LLP**  
*Attorneys for Defendant*  
*Portfolio Recovery Associates, LLC*

## **CERTIFICATION AND CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record. Service of the foregoing was within the time prescribed by the Rules of the Court.

Executed on July 10, 2017, at New York, New York.

*/s/ Amanda L. Genovese*
Amanda L. Genovese

**TROUTMAN SANDERS LLP**
*Attorneys for Defendant Portfolio Recovery Associates, LLC*