**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH MIGDAL *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Civil Action No.: 16-4750 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss and Compel Arbitration pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12-1). Plaintiff has opposed this motion (ECF No. 18), to which Defendant has replied. (ECF No. 21). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss.

### I.   BACKGROUND[1]

Plaintiff Deborah Migdal is a New Jersey citizen who resides in Bergen County, New Jersey. (ECF No. 1 ("Compl.") at ¶ 4). Defendant Portfolio Recovery Associates, LLC, is a debt collector located in Virginia. (Id. at ¶ 5). Plaintiff brings this action asserting that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") when Defendant contacted her seeking to collect on an allegedly overdue debt.

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009). (ECF No. 1).

1

Specifically, on August 5, 2015, Defendant sent Plaintiff a letter stating that it was a debt collector and sought to recover monies in connection with Plaintiff's overdue Banana Republic Credit Card. (Id. at ¶ 14). Said account is a retail account that can only be used at select stores and cannot be used to obtain cash advances. (Id. at ¶¶ 18-22). The underlying financial institution for the account was GE Money Bank. Plaintiff made her last payment to GE Money Bank on September 18, 2009 and defaulted on the account in October 2009. (Id. at ¶¶ 25-27). Defendant later purchased the defaulted account and began its attempts to collect the outstanding debt. (Id. at ¶ 31; Exhibit A).

Plaintiff brings this putative class action against Defendant for attempting to collect time-barred debts from New Jersey consumers in violation of the FDCPA. (Compl. ¶ 1; 15 U.S.C. § 1692). She alleges that the statute of limitations for the sale of goods is four years and had run by the time Defendant contacted her. (Id. at ¶¶ 33-34). She further contends that Defendant's letter failed to disclose the statute of limitations and its language falsely implies that the accounts are legally enforceable. (Id. at ¶¶ 43-47). On April 28, 2017, Defendant filed the subject Motion to Dismiss and Compel Arbitration. (ECF No. 12-1).

## II.     LEGAL STANDARD

To withstand a Motion to Dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps: first, the Court must take note of the elements a plaintiff must plead to state a claim; second, the Court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. <u>ANALYSIS</u>

Defendant contends that the Court should dismiss Plaintiff's complaint and compel arbitration. It argues that by using a "Synchrony" credit card, Plaintiff accepted the Retail Installment Credit Agreement ("Credit Agreement") as set forth in Exhibit A of Defendant's Motion. (ECF No. 12-2 at 17).[2] Specifically, Defendant asserts that the arbitration provision, choice of law provision, and class action waiver contained in the Credit Agreement apply to the present dispute. (Id. at 15). In opposition, Plaintiff refutes the applicability of the Credit Agreement to her 2009 transactions through GE Money Bank.[3] (ECF No. 18). In response to Plaintiff's opposition, Defendant raises the additional argument that Plaintiff cannot rely on the Terms and Conditions of her Banana Republic Account to bring this claim while simultaneously

---

[2] The Court notes that Defendant's Motion to Dismiss does not attack the sufficiency of Plaintiff's allegations, and relies solely on its argument in favor of compelling arbitration.
[3] Plaintiff's argument regarding inadmissibility of the "Business Records Affidavit," (ECF No. 12-1, exhibit C), pursuant to Federal Rule of Evidence 802, (ECF No. 18 at 10), is not applicable at this stage of the litigation, as the Court may only rely on Plaintiff's Complaint and any relevant attachments thereto. *See* n.1, *supra*.

3

denying that there is a contract between her and Defendant. (ECF No. 21 at 5). However, since Defendant did not raise this argument in its original motion, and Plaintiff did not broach this subject in her opposition, Rule 7 of the Federal Rules of Civil Procedure dictates that the Court cannot consider this argument as it exceeds the scope of the original Motion and Plaintiff's Opposition. *See also* Local Rule 7.1. When reviewing the Complaint, and accepting all the allegations therein to be true, the Court finds that the Defendant has failed to show that the Credit Agreement governs the matter *sub judice*, and Plaintiff has alleged sufficient allegations to overcome Defendant's Motion to Dismiss.

While it is true that written arbitration provisions are normally binding, the enforceability of an arbitration clause is a matter of law for courts to decide. *See AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *Id.* "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). Therefore, the Court cannot compel a plaintiff to submit to arbitration unless she had previously agreed to do so.

While Defendant relies on the Credit Agreement in support of such consent, there is not even a scintilla of evidence that Plaintiff herself received the Credit Agreement, let alone signed it. Defendant has not established that Plaintiff was a party to the Credit Agreement or that the Credit Agreement was applicable to her 2009 transactions through GE Money Bank. For one thing, the Credit Agreement is clearly attributable to "Synchrony Bank," but Defendant fails to show any connection between "Synchrony Bank" and GE Money Bank. Defendant relies on a "Business Records Affidavit" made by Ms. Marie Moua to show that on June 2, 2014 GE Capital

Retail Bank formally changed its name to Synchrony Bank. (ECF No. 12-2, exhibit C at 2). However, Defendant has not shown that GE Capital Retail Bank has any connection to, let alone is the same institution as, GE Money Bank. Accordingly, the Court is not convinced, at this juncture, that Plaintiff was ever a party to the Credit Agreement, and, therefore, will not dismiss her Complaint pursuant to same.

Even if one supposed that GE Capital Retail Bank and GE Money Bank are the same, Defendant does not offer evidence that the attached agreement was in effect in 2009. Moreover, even if the Agreement in question was in effect at the time of the debt, Defendant has not shown that Plaintiff received the terms of the Agreement prior to using the credit card, or that the credit institution used said agreement for Plaintiff's account. Additionally, the Credit Agreement attached to Defendant's motion does not contain Plaintiff's name or signature, nor is there any other information included that would indicate Plaintiff agreed to be governed by said agreement. As a result, there is no evidence that the Agreement governs the parties' relationship and thus the arbitration agreement is unenforceable at this phase of the litigation.

Since Defendant has failed to establish that the Credit Agreement governs the relationship between Plaintiff and GE Money Bank, the Court need not address Defendant's arguments regarding the choice of law provision and class action waiver contained in said agreement.

### IV.   CONCLUSION

For the reasons above, the Court denies Defendant's Motion to Dismiss and Compel Arbitration. An appropriate Order accompanies this Opinion.

DATED: July 19, 2017

JOSE L. LINARES
Chief Judge, United States District Court